UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

```
JONATHAN P. ROBICHEAUX, ET AL.        CIVIL ACTION

v.                                    NO. 13-5090 C/W
                                      NO. 14-97 & NO. 14-327

JAMES D. CALDWELL,                    SECTION "F"
LOUISIANA ATTORNEY GENERAL, ET AL.
```

JUDGMENT

IT IS ORDERED that this Court's Order and Reasons and the accompanying Judgment dated September 3, 2014, are hereby recalled and rescinded;

IT IS FURTHER ORDERED that Article XII, Section 15 of the Louisiana Constitution, Article 89 of the Louisiana Civil Code, and laws enacted pursuant thereto, violate the Fourteenth Amendment to the United States Constitution and may not be enforced against the Plaintiffs or any other same-sex couple;

IT IS FURTHER ORDERED that Article XII, Section 15 of the Louisiana Constitution, Article 3520(B) of the Louisiana Civil Code, and laws enacted pursuant thereto, violate the Fourteenth Amendment to the United States Constitution and may not be enforced against the Plaintiffs or any other same-sex couple;

IT IS FURTHER ORDERED that Defendants Devin George and Kathy Kliebert, in their official capacities, and their officers,

employees, agents, and all other individuals under their supervision, direction, or control, and all persons acting in concert or participation with any of them are permanently enjoined from enforcing Article XII, Section 15 of the Louisiana Constitution, Article 89 of the Louisiana Civil Code, and laws enacted pursuant thereto;

IT IS FURTHER ORDERED that Defendants Devin George, Tim Barfield, and Kathy Kliebert in their official capacities and their officers, employees, agents, and all other individuals under Defendants' supervision, direction, or control, and all persons acting in concert or participation with any Defendants are permanently enjoined from enforcing Article XII, Section 15 of the Louisiana Constitution, Article 3520(B) of the Louisiana Civil Code, and laws enacted pursuant thereto;

IT IS FURTHER ORDERED that Defendants Devin George and Kathy Kliebert in their official capacities and their officers, employees, agents, and all other individuals under Defendants' supervision, direction, or control, and all persons acting in concert or participation with any Defendant must provide marriage licenses to Plaintiffs Robert Welles and Garth Beauregard and other same-sex couples who provide a complete application for a marriage license that complies with all relevant provisions of Louisiana law, except those purporting to prohibit same-sex couples from marrying;

IT IS FURTHER ORDERED that Defendants Devin George, Tim Barfield, and Kathy Kliebert in their official capacities and their officers, employees, agents, and all other individuals under Defendants' supervision, direction, or control, and all persons acting in concert or participation with any Defendant must recognize the marriages of Plaintiffs Jonathan P. Robicheaux and Derek Penton; Courtney Blanchard and Nadine Blanchard; Jacqueline M. Brettner and M. Lauren Brettner; Nicholas J. Van Sickels and Andrew Bond; Henry Lambert and R. Carey Bond; L. Havard Scott, III and Sergio March Prieto; and other same-sex couples who have validly married under the law of another jurisdiction as valid and enforceable under Louisiana law;

IT IS FURTHER ORDERED that Defendant Devin George, in his official capacity as Louisiana State Registrar, must issue forthwith a birth certificate for the child of Plaintiff M. Lauren Brettner identifying Jacqueline M. Brettner as one of the child's parents;

IT IS FURTHER ORDERED that Defendant Tim Barfield, in his official capacity as Secretary of the Louisiana Department of Revenue, is permanently enjoined from enforcing Louisiana Revenue Information Bulletin 13-024 or otherwise requiring married same-sex spouses to choose a filing status of "single" rather than "married."

3

IT IS FURTHER ORDERED that Plaintiffs in each of these consolidated cases are awarded their costs, expenses, and reasonable attorneys' fees according to 42 U.S.C. § 1988 and any other applicable laws.  The question of quantum is referred to the magistrate judge.[1]

New Orleans, Louisiana, July 2, 2015

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[1] <u>Obergefell v. Hodges</u>, Nos. 14-556, 14-562, 14-571, 14-574, 2015 WL 2473451 (U.S. June 26, 2015).